IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT CRUZ-RIVERA,

    Plaintiff,

v.                              CASE NO. 1:21-cv-213-AW-GRJ

T-MOBILE, et al.,

    Defendants.
_____/

## CORRECTED[1] REPORT AND RECOMMENDATION

Plaintiff is a prisoner proceeding *pro se* on a second amended complaint ("SAC") in this action asserting constitutional violations and statutory violations with respect to the release of certain cell phone data by his carrier. ECF No. 15. Defendants are T-Mobile, three employees of T-Mobile, and an agent of the United States Marshals Service. *Id*.

For the following reasons Plaintiff's claims against T-Mobile employee-defendants Abby McNalley, Nathan Greene, and Mark Hess should be dismissed.

---

[1] The previous report and recommendation, ECF No. 32, did not contain the Notice to the Parties of the right to object. This corrected report and recommendation contains the required notice. The previous report and recommendation, ECF No. 32, is therefore vacated and replaced by this report and recommendation.

1

On March 22, 2022, the Court instructed Plaintiff to provide service addresses for two of the T-Mobile employee-defendants, Abby McNalley and Nathan Greene, who are named in the SAC.  ECF No. 20.  Plaintiff did not respond to the Court's order.  On April 19, 2022, the Court issued an order to show cause, directing Plaintiff to provide service addresses for McNalley, Greene, and a third employee, Mark Hess, for whom T-Mobile's counsel, upon receipt of service of process, did not enter an appearance.  ECF No. 28.  Plaintiff was ordered to provide the service addresses for these three defendants on or before May 16, 2022, or to show good cause why the service deadline should be extended.  *Id*.

Plaintiff has not responded to the Court's order to show cause.  Plaintiff was advised that failure to show cause by the deadline would result in a recommendation that Plaintiff's claims against McNalley, Greene, and Hess would be dismissed for failure to prosecute, failure to effectuate service of process, and failure to comply with a court order without further notice.  *Id*.; *see Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.").

## CONCLUSION

Upon due consideration and in light of the foregoing, the undersigned respectfully **RECOMMENDS** that the claims against defendants Abby McNalley, Nathan Greene, and Mark Hess should be **DISMISSED** for failure to prosecute, failure to effectuate service of process, and failure to comply with a court order.

**IN CHAMBERS** at Gainesville, Florida this 23rd day of May 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.