IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT CRUZ-RIVERA,

    Plaintiff,

v.                                                          CASE NO. 1:21-cv-213-AW-GRJ

T-MOBILE, et al.,

    Defendants.
_____/

## ORDER AND SECOND REPORT AND RECOMMENDATION

Before the Court is *pro se* in forma pauperis prisoner Plaintiff's response to the Court's August 2, 2022, Show Cause Order, that directed Plaintiff Robert Cruz-Rivera ("Cruz-Rivera") for a second time to provide service addresses for individual Defendants Abby McNally, Nathan Greene, and Mark Hess, or face dismissal of the claims against them. *See* ECF Nos. 28, 42.

In response to the Court's April 19, 2022, Show Cause Order, ECF No. 28, Cruz-Rivera provided the corporate mailing address for Defendant T-Mobile, ECF No. 37, which was not sufficient to effectuate service on the non-corporate individual Defendants, *See* ECF No. 42. In response to the Court's August 2, 2022, Show Cause Order, Cruz-Rivera says that he still

has not been able to obtain the service addresses for Abby McNally, Nathan Greene, and Mark Hess.  ECF No. 45.

T-Mobile also responded to the Court's second Show Cause Order.  In its response, T-Mobile discloses that, based on its own investigation, the only individually named Defendant in this action employed by T-Mobile, is Nathan Greene.  ECF No. 43.  "Mark Hess and Abby McNally are not." *Id*. at 1.  T-Mobile says that it will decide whether to appear on behalf of Mr. Greene after he has been properly served.  Consequently, the Court directs T-Mobile to provide the Court with Mr. Greene's service address.

Because Cruz-Rivera failed to provide a service address for Mark Hess and Abby McNally, and because they are not T-Mobile employees, the claims against Mark Hess and Abby McNally are due to be dismissed without prejudice for lack of service.

## BACKGROUND FACTS

Cruz-Rivera filed the original complaint under 42 U.S.C. § 1983 on December 21, 2021, ECF No. 1.  In the Second Amended Complaint, Cruz-Rivera alleges that Defendants T-Mobile, three of its employees, and an agent of the U.S. Marshal's service violated his constitutional and federal statutory rights when they located Cruz-Rivera in Gainesville, Florida using geolocation data transmitted by Cruz-Rivera's cell phone.  ECF No. 15.

The Court granted Cruz-Rivera's motion to proceed in forma pauperis on February 9, 2022, ECF No. 8. As he is proceeding in forma pauperis, Cruz-Rivera is entitled to have the United States Marshal effect service on Defendants. See Fed. R. Civ. P. 4(c)(3); *Fowler v. Jones,* 899 F.2d 1088, 1094 (11th Cir.1990). Following the Court's initial screening of the complaint and a determination that it stated a colorable claim for relief under § 1983 and the invoked federal statutes, the Court directed the U.S. Marshal to serve a copy of the Complaint on Defendants at the address Cruz-Rivera provided.  ECF No. 11.

The summons was returned executed by the U.S. Marshal for the Northern District of Florida, ECF No. 18, and Defendant T-Mobile waived service of process, ECF No. 17.  In March 2022, and then again in May 2022, the Court directed Cruz-Rivera to provide an address where the individually named defendants could be served. ECF Nos. 20, 28.  Cruz-Rivera failed to provide the requested addresses.  Based on that failure, the undersigned recommended dismissal of the claims against Mark Hess, Abby McNally, and Nathan Greene for failure to effectuate service of process.  ECF No. 33.  The district judge set aside the recommendation of dismissal, giving Cruz-Rivera until August 8, 2022, to provide the Court with the necessary service addresses.  ECF No. 36.  Cruz-Rivera failed to

3

respond by the August 8, 2022, deadline.  Once again, the Court issued another Show Cause Order, directing Cruz-Rivera to provide the services addresses.  ECF No. 42.

In response to that Order, Cruz-Rivera says that he is unable to locate service addresses for Mark Hess, Abby McNally, and Nathan Greene.  ECF No. 45.  In view of T-Mobile's recent disclosure that Nathan Greene is one of its employees, the Court directs T-Mobile to provide the Court with Mr. Greene's service address so he can be served.  The claims against Abby McNalley and Mark Hess, however, are due to be dismissed because the time for service has long since passed and because Cruz-Rivera has not supplied the Court with an address where they can be served.

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989). Rule 4 of the Federal Rules of Civil Procedure allows litigants 90 days to effect service upon a defendant. *See* Fed. R. Civ. P. 4(m). By virtue of his in forma pauperis status, Cruz-Rivera is entitled to have the marshal effect service on Defendants and he "should not be penalized for failure to effect service where such failure is not due to fault on [his] part." *Fowler,* 899 F.2d at

4

1095. If the failure to effect service in a timely manner is due to a plaintiff's "inaction or dilatoriness," however, plaintiff should bear the consequences of that failure. *See id.* (*citing Rochon v. Dawson,* 828 F.2d 1107, 1110) (5th Cir.1987)).

The period allotted for service of the complaint on Abby McNalley and Mark Hess had already long since expired when the Court issued its August 2022,[1] Order to Show Cause. *See* ECF No. 42.  The Court also warned Cruz-Rivera on two (2) separate occasions that if he neglected to provide a current address for these defendants, the claims against them would be dismissed without further notice.  *Id*. at 2; ECF No. 28 at 2.

Rule 4(m) authorizes a court "on its own after notice to the plaintiff" to dismiss a complaint for failure to effect service within the prescribed time period.  Fed. R. Civ. P. 4(m).  Although the Court explicitly provided notice to Cruz-Rivera of its intention to dismiss the claims against McNally and Hess for failure to effectuate service of process, Cruz-Rivera has not provided the Court with an address where service can be effectuated upon these defendants.

---

[1] The original complaint naming Abby McNalley and Mark Hess as Defendants was filed on December 21, 2021.  ECF No. 1.  Under Rule 4(m), these defendants should have been served by March 21, 2022.  It is now August 19, 2022, and Cruz-Rivera has still not provided the Court with a service address for these defendants.

Consequently, it is respectfully **RECOMMENDED t**hat the claims against Abby McNally and Mark Hess should be **DISMISSED without prejudice,** and that the Clerk terminate Abby McNally and Mark Hess as defendants in this lawsuit.

It is further **ORDERED** that T-Mobile provide the Court with a service address for employee Nathan Greene **on or before Friday, August 26, 2022.**

**IN CHAMBERS** at Gainesville, Florida this 19th day of August 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.